## In re: ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., LITIGATION.

### MDL No. 1969.

United States Judicial Panel on Multidistrict Litigation.

Aug. 11, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants James M. Fasone, Hal E. Kinsey, and Stephen L. Farr have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of Texas. This litigation currently consists of three actions pending in the District of Colorado, the Eastern District of Missouri, and the Middle District of Tennessee, respectively, as listed on Schedule A. Common plaintiff Arthur J. Gallagher Risk Management Services, Inc. (AJG) opposes the motion. If the Panel nevertheless orders centralization, AJG favors selection of the Eastern District of Missouri as transferee district.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. There are only three actions and a single plaintiff in this docket, and the actions all involve a rather uncomplicated and straightforward issue: whether the three named defendants,[1] who are former AJG employees, breached their separate employment agreements when they left the company and joined an alleged competitor. At oral argument, it became apparent that the primary focus of discovery in each action will be the individual conduct that each defendant allegedly engaged in after leaving AJG to solicit AJG customers and recruit other AJG employees. While the actions may share some questions of fact, movants have failed to convince us that those questions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

## SCHEDULE A

MDL No. 1969 — **IN RE: ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., LITIGATION**

*District of Colorado*

*Arthur J. Gallagher Risk Management Services, Inc. v. James M. Fasone,* C.A. No. 1:08–931

*Eastern District of Missouri*

*Arthur J. Gallagher Risk Management Services, Inc. v. Hal E. Kinsey,* C.A. No. 4:08–635

*Middle District of Tennessee*

*Arthur J. Gallagher Risk Management Services, Inc. v. Stephen L. Farr,* C.A. No. 3:08–453

---

1. Each defendant is named in only one of the three actions. *See* Schedule A.